Filed 9/10/15  P. v. Amato CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCUS CHRISTOPHER AMATO,<br><br>    Defendant and Appellant. | A143715<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-631383,<br>SCR-629892, SCR-636243) |

Defendant Marcus Christopher Amato appeals from sentencing in three separate matters that were part of a single disposition.  Execution of the agreed-upon 10-year prison sentence was suspended and defendant was placed on probation.  Following admissions by defendant that he violated the terms of his probation, the court ordered the previously suspended sentence into effect.  Defendant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Defendant has been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**Case No. SCR-631383**

On August 13, 2013, in case number SCR-631383, defendant entered a no contest plea to one count of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and admitted a prior prison term enhancement (§ 667.5, subd. (b)). The charges arose out of a fight with his girlfriend.

**Case No. SCR-629892**

Also on August 13, 2013, defendant entered a no contest plea to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a prior narcotics conviction enhancement (Health & Saf. Code, § 11370.2, subd. (c)). These charges arose out of a probation search of a hotel room. Police found a container of crystal methamphetamine on defendant's person, several baggies of crystal methamphetamine and two digital scales in the hotel room, and text messages on defendant's cell phone that were consistent with drug sales.

**Case No. SCR-636243**

At the same August 13, 2013, hearing, defendant entered no contest pleas to charges of conspiracy to commit commercial burglary (§ 182, subd. (a)(1)) and grand theft (§ 487, subd. (a)), and admitted an on bail enhancement (§ 12022.1). The conspiracy and theft charges stemmed from defendant's involvement with a group of people who would enter a store and pick up items, then "return" the unpaid-for items to the store for store value cards. These cards were then used to purchase merchandise or sold to the gift card exchange at a local mall. Investigators believed that $1,928.96 was stolen over the course of the scheme.

**Suspended Execution of Sentence**

At the sentencing hearing on September 25, 2013, the court told defendant that "this is a very heavy hanger—you know, hammer hanging over your head," and warned him that if he violated probation there was "every chance in the world, unless it's

---

[1] All further unspecified statutory references are to the Penal Code.

something like littering, that you're going to go to state prison." The court advised defendant that he was ineligible for local incarceration under section 1170, subdivision (h), and asked if he was prepared to go through with the agreement. Defendant stated that he was, and the court imposed the agreed-upon 10-year term with execution of sentence suspended.

The sentence consisted of the stipulated low term of two years on the section 273.5 corporal injury offense, the principal term, and a consecutive one-year term on the section 667.5, subdivision (b) prior prison term enhancement in case number SCR-631383; plus a consecutive one-third the midterm sentence of eight months on the Health and Safety Code section 11378 methamphetamine offense, and a consecutive three-year term on the prior narcotics conviction enhancement in case number SCR-629892; plus a consecutive one-third the midterm sentence of eight months on each of the conspiracy and grand theft charges, with a consecutive two-year term for the on bail enhancement in case number SCR-636243.

The court ordered defendant held in custody upon completion of the imposed county jail term until he could be placed in a residential treatment program. Defendant agreed to waive custody credits and remain in custody until a bed opened up for him. Among other conditions, he was ordered to complete a residential treatment program and forbidden to use or possess controlled substances without a prescription. The court imposed victim restitution of $1,928.96 in case number SCR-636243, for which defendant and his codefendants were jointly and severally liable.

**Probation Violations and Execution of the Suspended Sentence**

Defendant admitted to violating his probation by leaving residential treatment on two occasions; he entered the first admission in January 2014 and the second admission in June 2014. Both times, probation was reinstated and modified to allow him to return to residential treatment.

On September 15, 2014, the probation department filed a new request for summary revocation, alleging that defendant had absconded from the Jericho Project treatment program. On October 10, 2014, a second request for summary revocation was

3

filed, alleging that he had violated the conditions that he obey all laws and not be in possession of controlled substances when he was found in possession of methamphetamine during a car stop. On October 31, 2014, defendant entered admissions to those allegations.

On November 14, 2014, the court denied reinstatement and terminated probation as unsuccessful. It then ordered the previously suspended sentence into effect. The court awarded presentence custody credits of 420 days actual custody and 420 days of conduct credit in the principal case (SCR-631383) and an additional 6 days actual custody and 6 days of conduct credit in case number SCR-629892.

Also on November 14, 2014, defendant petitioned to have the conspiracy and grand theft offenses in case number SCR-636243 reduced to misdemeanors pursuant to section 1170.18, also known as Proposition 47.[2] The court denied the petition, finding that the offenses were not eligible for reduction.

## DISCUSSION

We have reviewed the entire record as required by *People v. Wende*, *supra*, 25 Cal.3d 436. Before accepting defendant's waivers and admissions pertaining to violating the terms of his probation, the court made sure defendant understood the constitutional rights he was waiving and the consequences of his admissions. After reinstating probation twice and warning defendant in no uncertain terms, the trial court exercised its discretion to deny reinstatement after the subsequent violations and order the suspended sentence into effect.

Defendant's petition for resentencing in case number SCR-636243 was filed pursuant to section 1170.18. That section lists certain offenses for which a defendant may be eligible to be resentenced. Neither of the crimes of which defendant was convicted in that case, i.e., conspiracy to commit burglary in violation of section 182, subdivision (a)(1) and grand theft of an amount exceeding $950 in violation of section

---

[2] Proposition 47, "the Safe Neighborhoods and Schools Act," was enacted by voter initiative on November 4, 2014, and went into effect the next day. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

4

487, subdivision (a), is eligible for reduction to a misdemeanor.  (§§ 490.2, subd. (a), 1170.18, subd. (a).)

Defendant was at all times represented by competent counsel who protected his rights and interests.

We see no error in the sentences or in the calculation of custody credits.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

## DISPOSITION

The judgments in all three cases are affirmed.

_____
Miller, J.

We concur:


_____
Kline, P.J.


_____
Richman, J.




A143715, *People v. Amato*